Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                                    Case No.: 1-22-43000-nhl

   Istanbul Rego Park, Inc.                                              Chapter 11
   *d/b/a Black Sea Fish and Grill,*

                    Debtor.
-----------------------------------------------------------X

### NOTICE OF HEARING ON MOTION OF DEBTOR PURSUANT TO 11 U.S.C. § 1121(e) TO EXTEND THE TIME PERIOD TO FILE A PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT

**PLEASE TAKE NOTICE** that a hearing on the annexed motion, dated April 7, 2023 (the "**Motion**"), of Istanbul Rego Park, Inc. *d/b/a Black Sea Fish and Grill* (the "**Debtor**"), will be held before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, **May 23, 2023** at **3:00 P.M.**, in the United States Bankruptcy Court – Eastern District of New York – Brooklyn, 271-C Cadman Plaza East, Courtroom 3577, Brooklyn, New York, 11201. The hearing will be conducted using the Zoom platform. Parties have the option to either dial in as an audio only participant using the provided Zoom dial-in number or connect by video using the provided video link. All participants must register with eCourt Appearances in advance of all telephonic and videoconference appearances (https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances ). eCourt Appearances registration is required by both attorneys and non-attorney participants. Once registered, eCourt Appearances will email the telephone number and/or video link for your hearing. You may register for hearings weeks in advance, but the telephone number and/or video link will not be emailed to you until **48 hours**

**before the hearing date.** Those registering with eCourt Appearances for hearings in less than 48 hours should allow up to 15 minutes after registration to receive the email with the telephone number and/or video link. Those unable to access eCourt Appearances must email Judge Nancy Hershey-Lord's Courtroom Deputy at: nhl_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing. Your email must include your name, the case number(s), who you represent (if you are an attorney), hearing date, and phone number.

**PLEASE TAKE FURTHER NOTICE** that any objection to the within Motion must be in writing and must state with particularity the grounds of the objection. The objection must be filed with the Clerk of the Bankruptcy Court electronically at www.nyeb.uscourts.gov, and a copy of the objection must be served upon the undersigned counsel for the debtors so as to be received no later than seven (7) day before the hearing date.

Dated: Brooklyn, New York
April 10, 2023

*/s/ Alla Kachan*
Alla Kachan, Esq.

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                              Case No.: 1-22-43000-nhl

Istanbul Rego Park, Inc.                                            Chapter 11
*d/b/a Black Sea Fish and Grill,*

                        Debtor.
------------------------------------------------------------X

### MOTION OF DEBTOR PURSUANT TO 11 U.S.C. § 1121(e) TO EXTEND THE TIME PERIOD TO FILE A PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT

**TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:**

Istanbul Rego Park, Inc. *d/b/a Black Sea Fish and Grill*, the Debtor and Debtor in Possession ("Debtor"), by and through its attorney, Alla Kachan, Esq, Law offices of Alla Kachan P.C., files this Motion to Extend Time to File a Chapter 11 Small Business Plan of Reorganization and Disclosure Statement pursuant to 11 U.S.C. § 1121(e). In support of this motion, the Debtor respectfully represents and alleges as follows:

**Background**

1.  On December 2, 2022 (the "Petition Date"), the Debtor filed voluntary corporate bankruptcy petition with this Court for relief under chapter 11 of the Bankruptcy Code. *See ECF Doc. No. 1.*

2.  The Debtor is a New York corporation with the business address 9536 Queens Blvd, Rego Park, NY 11374. From the filing of this bankruptcy case, Debtor has consistently and timely

filed all Monthly Operational Reports pursuant to the rules of the Bankruptcy Court. As well, Debtor is up to date with all the payments of the quarterly fees to the US Trustee's Office as debtor in possession.

3. The Debtor continues to operate its respective business and manage its properties as Debtor in Possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No trustee or examiner has been appointed in this chapter 11 case.

### Jurisdiction

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

6. The Debtor requests an extension of the time period to file a Plan of Reorganization (the "Exclusivity Period") through and including **September 28, 2023,** pursuant to section 1121(e) of the Bankruptcy Code, without prejudice to the Debtor's right to seek extensions of such Periods. Copper Mechanical, Inc. is a small business Debtor as defined by 11 U.S.C. § 101(51C).

7. Section 1121(e)(1) of the Bankruptcy Code addresses the small business debtor's time to file a plan and disclosure statement by first providing that only the debtor may file a plan for the first 180 days after the date of the order for relief (the "Exclusivity Period"), but that the debtor must file a plan within 300 days. *11 U.S.C. § 1121(e)(1).*

8. Further, section 1121(e)(2) of the Bankruptcy Code provides that in the small business case the Plan of reorganization and Disclosure statement shall be filed not later than 300 days after the date of the order for relief.

9. The Debtor's 180 days period to file the Plan of reorganization and Disclosure statement is currently set to expire on **May 31, 2023.** (the "**Exclusivity period**").

10. An extension of the Time period to file a plan is essential and appropriate. Ample cause exists to grant the Debtor the extension of the Time period to file a plan as, inter alia, (i) the Debtor needs more time to reach mutually agreeable terms of settlement between the Debtor and Creditors of the case, in order to fully resolve the filed claims, and allowing the Debtor to approve said terms by an Order of the Bankruptcy Court and confirm a plan of reorganization containing said terms, (ii) there is no prejudice to the Creditors, as, in fact, allowing the Debtor time to reach and finalize mutual terms of treatment of the Creditors' claims, respectively, will be in the best interest of all Creditors; and (iii) Debtor has been paying post-petition obligations as they become due.

11. Extension of the Time period to file a plan is warranted and appropriate given the circumstances. The relief requested will allow the Debtor to present the Court and its creditors with a sound plan satisfactory to all involved.

### Basis for Relief Requested

12. Pursuant to section 1121(e) of the Bankruptcy Code, the Court may extend the Time period to file a plan for cause. *See* 11 U.S.C. § 1121(e) ("on request of a party in interest made within the respective periods specified in subsections (3) and (A) of this section and after notice and a hearing, the court may for cause reduce or increase the 180-day period or the 300-day period referred to in this section"). However, the 180-day period "may not be extended beyond a date that is 300 days after the date of the Order for relief and the 300-day period, where ample cause exists, may be extended when it can be demonstrated that it is more likely than not that the court will confirm a plan within a reasonable amount of time *Id.* § 1121(e)(3)(A).

13. The Time period to file a plan established by Congress were incorporated in the Bankruptcy Code to afford a full and fair opportunity to propose a chapter 11 plan and enable solicitation of acceptances of the plan without the deterioration and disruption of a debtor's business that might be caused by the filing of multiple competing plans. Indeed, the primary objective of a chapter 11 case is the formulation, confirmation, and consummation of a consensual chapter 11 plan. The Debtor intends to achieve this objective by reaching mutually agreed upon terms for the settlement of debts of the creditors.

14. Section 1121(e) of the Bankruptcy Code empowers a Bankruptcy Court to extend such a time periods "for cause." The Bankruptcy Code neither defines the term "cause" for purposes of section 1121(e) nor establishes formal criteria for an extension. The legislative history of section 1121 indicates, however, that it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. *See H.R. Rep. No. 95- 595, at 231-32 (1978), reprinted in 1978 U.S.C.C.A.N. 5963* (noting that Congress intended to give Bankruptcy Courts great flexibility to protect a debtor's interests by allowing a debtor unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

15. In exercising its broad discretion, the Bankruptcy Court may consider a variety of factors to assess the totality of circumstances in each case. *See In re Borders Group, Inc.*, 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (identifying objective factors courts historically have considered in determining whether cause exists to extend or terminate exclusivity); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying factors used by courts to determine whether cause exists to extend exclusivity);

*In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98 (Bankr. E.D. Tex. 1996). Those factors include, without limitation:

    (i)    the size and complexity of the debtor's case;

    (ii)    the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

    (iii)    the existence of good faith progress towards reorganization;

    (iv)    the fact that the debtor is paying its bills as they become due;

    (v)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    (vi)    whether the debtor has made progress in negotiations with its creditors;

    (vii)    the amount of time which has elapsed in the case;

    (viii)    whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

    (ix)    whether an unresolved contingency exists.

*Adelphia Commc'ns*, 352 B.R. at 587 (noting that the nine factors listed above are "objective factors which courts historically have considered in making determinations of this character"); *see also Borders*, 460 B.R. at 822 (evaluating the nine factors set forth in *Adelphia* to hold that debtor established cause to extend exclusivity); *McLean Indus.*, 87 B.R. at 834; *accord In re Express One*, 194 B.R. at 100 (identifying all of the nine factors as relevant in determining whether cause exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.C. 1986) (holding that debtor showed cause to extend exclusive period based upon certain of the nine factors). The exercise of the Court's discretion is not simply a check-off process but is based upon the totality of the circumstances. The above factors are not exclusive bases for such exercise.

    16.    Application of the identified standards to the indisputable facts of this chapter 11 case demonstrates more than ample cause to grant the Debtor's requested extensions of the Time period to file a plan. The extensions are necessary and appropriate in order for the debtor to have

the opportunity contemplated by the Bankruptcy Code to propose a chapter 11 plan and solicit acceptances of such plan.

17. The Debtor herein is a New York based restaurant, which suffered severely during the Covid-19 pandemic. Obligations accumulated for taxes, business loans, and other debts. In order to reorganize its debts and allow for feasible debt repayment terms, the Debtor sought Chapter 11 bankruptcy protection.

18. Currently, the Debtor is in the process of reorganizing its business operation and accumulating all available funds and assets in order to propose a feasible plan of reorganization.

19. This is the Debtor's *first* request for an extension of the Time period to file a plan of reorganization (the Exclusivity period"). It is self-evident that the Debtor is not seeking these extensions to artificially delay the conclusion of this chapter 11 case or to hold creditors hostage to an unsatisfactory plan proposal. Simply put, at this juncture, the Debtor a simply needs time to restructure its business, to reach an agreement with Creditors, to obtain Court approval of the settlement terms and thereafter to file a feasible plan of reorganization and disclosure statement, offering treatment to the main and other remaining Creditors of the estate.

20. The requested extensions of the Time period to file a plan will not harm any economic stakeholder. Rather, the time will be used to accumulate fuds and assets of the estate. Moreover, should any events occur or there be a significant change in circumstances, a party in interest may move to reduce the Time period to file a plan. *See* 11 U.S.C. § 1121(e).

## Conclusion

21. The Debtor has responded to the exigent demands of its chapter 11 case and have worked diligently to advance the reorganization process. Istanbul Rego Park, Inc. should be afforded a full, fair, and reasonable opportunity to negotiate, propose, file, and solicit acceptances

of its chapter 11 plan. This first requested extension of the Time period to file a plan is warranted and necessary to afford the Debtor a meaningful opportunity to pursue the chapter 11 reorganization process and build a consensus among economic stakeholders, all as contemplated by chapter 11 of the Bankruptcy Code.

22. The extension of the Time period to file a plan will enable the Debtor to harmonize the diverse and competing interests that exist and seek to resolve any conflicts in a reasoned and balanced manner for the benefit of all parties in interest.

### Notice

23. Notice of this Motion has been provided to parties in interest in accordance with the Order Pursuant to 11 U.S.C. §§ 105(a) and (d) and Bankruptcy Rules 1015(c), 2002(m). In view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

24. No previous request for the relief sought by this Motion has been made by the Debtor to this or any other Court.

**WHEREFORE** the Debtor respectfully requests that the Extensions of the Time period to file the Chapter 11 plan of reorganization and Disclosure statement be granted together with such other and further relief as is just.

Dated: Brooklyn, New York
April 10, 2023

/s/ Alla Kachan
Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue,
Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                              Case No.: 1-22-43000-nhl

    Istanbul Rego Park, Inc.                                Chapter 11
    *d/b/a Black Sea Fish and Grill,*

                          Debtor.
-----------------------------------------------------------X

## ORDER PURSUANT TO 11 U.S.C. § 1121(e)
## EXTENDING TIME PERIOD TO FILE A PLAN OF REORGANIZATION AND
## DISCLOSURE STATEMENT

Upon the motion, dated April 10, 2023 (the "**Motion**"), Istanbul Rego Park, Inc. *d/b/a Black Sea Fish and Grill.*, (the "**Debtor**"), pursuant to section 1121(e) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order extending the Debtor's time period in which to file a chapter 11 plan of reorganization and disclosure statement (the "Exclusivity period"), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estates, creditors, and all parties in interest, and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the motion is granted as provided herein; and it is further

**ORDERED** that, pursuant to section 1121(e) of the Bankruptcy Code, the Debtor's Time period to file a chapter 11 plan of reorganization and Disclosure statement is extended to and including **September 28, 2023**; and it is further

**ORDERED** that the extension of the Time period granted herein is without prejudice to such further requests that may be made pursuant to section 1121(e) of the Bankruptcy Code by the Debtors or any party in interest, for cause shown, upon notice and a hearing; and it is further

**ORDERED** that this Court may retain jurisdiction to hear and determine all matters arising from or related to this Order.