| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | **Hearing Date: May 16, 2023**<br>**Hearing Time: 11:30 a.m.** |

-----------------------------------------------------------x

In re:                                                                                  Chapter 11

ISTANBUL REGO PARK, INC.,
dba Black Sea Fish and Grill,                                       Case No. 22-43000 (NHL)

                           Debtor.            <u>NOTICE OF MOTION AND MOTION</u>

-----------------------------------------------------------x

      PLEASE TAKE NOTICE that upon the within motion and concurrently filed memorandum of law and declaration, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee") will move before the Honorable Nancy H. Lord, United States Bankruptcy Judge, of the United States Bankruptcy Court, Eastern District of New York, at a hearing to be conducted telephonically **on May 16, 2023, at 11:30 a.m.,** or as soon thereafter as counsel can be heard, for entry of an order directing dismissal of this case with prejudice and one year bar to refiling without prior leave of Court or conversion of this case to chapter 7, in the alternative, for an order directing the appointment of a chapter 11 trustee, and for such other and further relief as this Court may deem just and proper.

      PLEASE TAKE FURTHER NOTICE, that as set forth on the Court's official website (www.nyeb.uscourts.gov) (the "Website"), the Hearing will be conducted by ZOOM or telephonically pending further instruction of the Court.  Parties wishing to appear must register for eCourt Appearances prior to the hearing in order to receive additional instructions to attend the hearing.  For more information, please visit:  https://www.nyeb.uscourts.gov/content/judge-nancy-hersheylord.

      PLEASE TAKE FURTHER NOTICE, those unable to access eCourt Appearances must email Judge Lord's Courtroom Deputy at: nhl_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing.  Your email must include your name, the case number(s), who

you represent (if you are an attorney), hearing date, and phone number. Parties have the option to either dial in as an audio only participant using the provided Zoom dial-in number or connect by video using the provided video link.

PLEASE TAKE FURTHER NOTICE that any responses to the Motion shall be filed with the Court and served on the United States Trustee, Alexander Hamilton Customs House, One Bowling Green, New York, New York, 10004, Attention: Rachel Wolf, Trial Attorney, no later than seven days prior to the hearing date.  Responsive papers shall state the factual grounds and legal authorities that support the respondent's position, either in the response or in a memorandum of law.  Failure to provide this information may be grounds to strike the response or to grant the Motion by default.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order dismissing this case with prejudice and one year bar to refiling without prior leave of the Court or, in the alternative, converting this case to chapter 7, or grant such other relief as the Court deems just, fair, and equitable.

Dated: New York, New York
    April 14, 2023

Respectfully Submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By:    */s/Rachel B. Wolf*
        Rachel B. Wolf, Trial Attorney
        Office of the U.S. Trustee, Region 2
        Alexander Hamilton Customs House
        One Bowling Green, Suite 510
        New York, New York 10004
        Tel. (212) 206-2580
        Rachel.Wolf@usdoj.gov

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------x<br>In re:<br><br>ISTANBUL REGO PARK, INC.,<br>dba Black Sea Fish and Grill,<br><br>                                     Debtor.<br>-----------------------------------------------------------x | **Hearing Date: May 16, 2023**<br>**Hearing Time: 11:30 a.m.**<br><br>Chapter 11<br><br>Case No. 22-43000 (NHL) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF THE UNITED STATES TRUSTEE TO DISMISS WITH
PREJUDICE OR CONVERT THIS CHAPTER 11 CASE OR,
IN THE ALTERNATIVE, APPOINT A CHAPTER 11
TRUSTEE.**

**WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
FOR REGION 2**
Alexander Hamilton Customs House
One Bowling Green, Suite 510
New York, New York 10004
Tel. (212) 206-2580

Rachel B. Wolf, Esq.
Of Counsel

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), respectfully submits this memorandum in support of his motion (the "Motion") for an Order, pursuant to 11 U.S.C. § 1112(b), dismissing the chapter 11 case of Istanbul Rego Park, Inc. dba Black Sea Fish and Grill (the "Debtor") with prejudice and one-year bar to refiling or converting the chapter 11 case to chapter 7, or, in the alternative, appointing a chapter 11 trustee.

## I. INTRODUCTION

This is the Debtor's second chapter 11 bankruptcy filing. In the first case, Case No. 20-44294 (NHL) ("Previous Case"), the Court dismissed the Previous Case finding that the Debtor grossly mismanaged its financial affairs as a debtor-in-possession. A few months later, the Debtor filed this second case and continues in the same egregious conduct, including paying credit card bills of insiders and fees of non-retained professionals, making regular large cash withdrawals, and purportedly has non-debtor-in-possession bank accounts open without Court approval. The Debtor also owes United States Trustee quarterly fees and has not filed the past-due February 2023 operating report. Accordingly, pursuant to 11 U.S.C. § 1112(b)(4)(B), (H) and (K), cause exists to dismiss this case with a one-year bar to the refiling of another bankruptcy case without leave of Court. As an alternative, the Court may consider the appointment of a chapter 11 trustee as the Debtor's mismanagement constitutes "cause" under 11 U.S.C. § 1104(a)(1).

## II. STATEMENT OF FACTS

**Procedural History**

1. On December 2, 2022 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. ECF Doc. No. 1.

2. The United States Trustee has not appointed a trustee, and the Debtor remains in control and possession of its assets as a debtor-in-possession. See Declaration of Lynda Rettagliata, dated April 14, 2023 (the "Rettagliata Decl."), at ¶ 2.

**Assets and Liabilities**

3. The Debtor scheduled no real property and scheduled personal property with an aggregate value of $13,000.00, including: $2,000.00 on deposit in bank accounts held at JP Morgan Chase Bank; food inventory valued at $2,000.00; restaurant equipment with a value of $5,000.00; furniture and fixtures valued at $2,000.00; an internet domain name valued at $0.00; and liquor and food licenses valued at $0.00. ECF Doc. No. 1, Schedule A/B.

4. The Debtor scheduled no secured or priority claims and scheduled five general unsecured claims as disputed in the aggregate amount of $248,481.28, including: the claim of the New York State Department of Taxation and Finance in the amount of $199,539.28 for Sales tax, penalty and interest; the Internal Revenue Service claim of $30,942.00 for the tax periods of 2017 and 2018; and the Nationwide Advance, Inc. claim of $18,000.00 for a business loan. ECF Doc. No. 1, Schedule D, E/F.

5. By Order dated December 20, 2023, the Court established March 2, 2023 as the last day for creditors to file claims, and May 31, 2023, as the last day by which government proofs of claim. ECF Doc. No. 17.

6.	To date, the Claims Register contains seven claims in the aggregate amount of $1,004,026.06.  See Claims Register, Claim Nos. 1-7.

**Gross Mismanagement of the Debtor's Previous Case**

7.	On December 16, 2020, the Debtor filed the Previous Case.  See Previous Case, Case No. 20-44294 (NHL), ECF Doc. No. 1.

8.	The Debtor's August 2021 operating reports and corresponding bank statements revealed the Debtor made: (i) $2,639.51 in payments to a Capital One credit card; (ii) $1,777.50 in payments to American Express, (iii) $500.00 in payments to "TD Bank Fatma Gulu;" and (iv) a $1,000 payment to Milman Labuda Law Group.  ECF Doc. Nos. 47, 51 (the "August Report"). The bank statements also reveal the Debtor had 9 returned items and incurred $315.00 in overdraft item fees.  Id.  In addition, the Debtor Questionnaire states that the Debtor paid bills that were owed prior to filing the bankruptcy case.  Id., Debtor Questionnaire, Q. 17.

9.	The Debtor's September 2021 operating report and corresponding bank statements revealed the Debtor made: (i) $1,196.00 in payments to a Capital One credit card; (ii) a $777.50 payment to American Express; (iii) $1,000 in payments to "TD Bank Fatma Gulu;" and (iv) one $500 payment to Milman Labuda.  Previous Case, ECF Doc. No. 49, 52.  The bank statements reveal that the Debtor had seventeen returned items and incurred $315.00 in overdraft item fees.  Id.  The Debtor Questionnaire states that the Debtor paid bills that were owed prior to filing its bankruptcy petition.  Id., Debtor Questionnaire, Q. 17.

10.	The Debtor's October 2021 report and corresponding bank statements revealed the Debtor made: (i) $2,000.54 in payments to a Capital One credit card; (ii) a $500.00 in payment to Citi Card; and (iii) a $500.00 in payment TD Bank.  Previous Case, ECF Doc. No. 50, 53.  The bank statements further reveal that the Debtor had eleven returned items and

incurred $385.00 in overdraft item fees. Id. In addition, the Debtor Questionnaire states that the Debtor paid bills that were owed prior to filing the bankruptcy case. Id., Debtor Questionnaire, Q. 17.

11. The Debtor's November 2021 report and corresponding bank statements revealed that the Debtor made a $5,000 cash withdrawal. Id., ECF Doc. No. 54. The November 2021 debtor-in-possession bank statements indicate the Debtor had five returned items, yet no overdraft fees were charged. Id. In addition, the Debtor Questionnaire states that the Debtor paid bills that were owed prior to filing the bankruptcy case. Id., Debtor Questionnaire, Q. 17.

12. The Debtor's December 2021 and corresponding bank statement revealed the Debtor had eight returned items and incurred $315.00 in overdraft item fees, including a $35.00 fee for a returned payment of $3,850.95 for the New York State Department of Tax and Finance. ECF Doc. No. 55. In addition, the Debtor Questionnaire states that the Debtor paid bills that were owed prior to filing the bankruptcy case. Id., Debtor Questionnaire, Q. 17.

13. On February 24, 2022, the United States Trustee filed a motion to dismiss or convert the Previous Case or, in the alternative, seek an order directing the appointment of a Chapter 11 trustee based on the Debtor's gross mismanagement of the estate, among other things. Previous Case, ECF Doc. No. 59.

14. On March 29, 2022, the Court dismissed the Previous Case on the United States Trustee's Motion finding the Debtor engaged in gross mismanagement under 11 U.S.C. § 1112(b)(4)(B). Id., ECF Doc. No. 67.

**Misconduct in the Debtor's Current Case**

15. According to the operating report and corresponding bank statements for the stub period of December 2022, the Debtor: (i) withdrew an aggregate amount of $12,600.00 from its

bank account in cash; (ii) paid $6,202.00 in credit card bills of non-debtors; (iii) paid $32,996.42 in checks without providing copies of the checks; (iv) incurred $34.00 in overdraft fees; and (iv) paid $140.00 as a consulting fee to an unidentified individual. See Current Case, ECF Doc. No. 25. Further, the Debtor Questionnaire represents that the Debtor had open non-debtor-in-possession bank account in December 2022. Id., Debtor Questionnaire, Q. 10.

16. According to the January 2023 operating report and corresponding bank statements, the Debtor: (i) withdrew an aggregate amount of $7,079.71 in cash from the Debtor's bank account; (ii) paid $5,695.95 in credit card bills to non-debtors; and (iii) paid $11,373.16 in checks without providing copies of the checks. Id., ECF Doc. No. 25. Further, the Debtor Questionnaire represents that the Debtor had non-debtor-in-possession bank accounts. Id., Debtor Questionnaire, Q. 10.

17. Based upon a review of the December 2022 and January 2023 reports, the Debtor paid the American Express, Credit One and Discover credit card bills of Ali Gulu, and the FBT Credit Card of Fatma Gulu. ECF Doc. Nos. 25, 26. The Debtor also used Zelle to transfer cash out of the Debtor's account to various entities during the same period. Id.

18. The Petition and operating reports were signed by Yasin Cabuk under the penalty of perjury. ECF Doc. Nos. 1, 25, 26.

19. To date, the Debtor has not filed the February 2023 report, which is currently past due. See Docket. The March 2023 report is due prior to the return date of this Motion. Id.

20. To date, the Debtor owes $778.77 in United States Trustee quarterly fees for the 1st Quarter of 2023. Rettagliata Decl., ¶ 3.

### III. ARGUMENT

A.    **There is Cause to Convert or Dismiss this Case under 11 U.S.C. § 1112(b).**

Section 1112(b) provides, in part, that:

(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1) (2010).

Section 1112(b)(4) lists provides fifteen examples of cause, including:

   (B)   gross mismanagement of the estate; [and]
   ****
   (H)   failure timely to provide information or attend meetings reasonably requested by the United States trustee; [and]
   ****
   (K)   failure to pay any fees or charges required under chapter 123 of title 28.

11 U.S.C. § 1112(b)(4).

The list of factors is non-exclusive. In re The 1031 Tax Group, LLC, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007); see also In re State Street Assoc., L.P., 348 B.R. 627, 639 (Bankr. N.D.N.Y. 2006) (noting in pre-BAPCPA case that amended 1112(b) contains non-exclusive factors to be considered in determining whether cause exists to convert or dismiss a case). A party need not demonstrate that all the elements of "cause" can be met. See In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006). The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case. 1031 Tax Group, 374 B.R. at 93; cf. In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2d Cir. 1997)

(bankruptcy court may dismiss Chapter 11 filing on motion or sua sponte upon a finding that the filing was in "bad faith" even without consideration of factors set out in section 1112(b)).

1. **The Debtor Has Grossly Mismanaged its Estate.**

The Debtor's gross mismanagement of its estate constitutes grounds for dismissal of its case. 11 U.S.C. § 1112(b)(4)(B); see In re Gateway Access Solutions, Inc., 374 B.R. 556, 564 (Bankr. M. D. Pa. 2007) (failure to maintain effective corporate management team constituted gross mismanagement and is cause to dismiss chapter 11 case); In re Products International Company, 395 B.R. 101, 111 (Bankr. D. Arizona 2008) (gross mismanagement is cause for conversion or dismissal under 11 U.S.C. § 1112(b)(4)(B)); In re Tucker, 411 B.R. 530, 533 (Bankr. S.D. Georgia 2009) (standing alone, gross mismanagement is sufficient cause for conversion or dismissal under 11 U.S.C. § 1112(b)(4)(B)).  As a debtor-in-possession of its estate, the Debtor owes a fiduciary duty to its creditors and is obligated to follow the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.  In re Wallace, 2010 WL 378351 at *4 (Bankr. D. Idaho, January 26, 2010); see e.g. 11 U.S.C. §§ 1106 and 1107 and Fed R. Bankr. P. 2015 (delineating the duties of chapter 11 debtors in possession).[1]

Both operating reports and corresponding bank statements, all of which were signed by the Debtor's principal under penalty of perjury, reveal that the Debtor: (i) bounced a check (ii) incurred overdraft item fees of $34.00; (iii) paid credit card bills of non-debtors; and (iv) made multiple cash withdrawals.  ECF Doc. Nos. 25, 26.  In addition, each monthly operating report filed with the Court also contained a "Debtor Questionnaire."  Id.  The Debtor Questionnaire

---

[1] The United States Trustee provides debtors in possession with the Guidelines to help them navigate chapter 11 by clarifying their financial reporting requirements and addressing other requirements and the several limitations on their post-petition actions.  See In re Wallace, 2010 WL 378351 at *4.

asks a series of plain-language questions regarding the most critical aspects of debtor-in-possession operations.  Id.  The Debtor questionnaire contained the following question:

      a)      Do you have any accounts open other than the debtor-in-possession account?

Id., Debtor Questionnaire, Q 10.  The Debtor answered "yes" to this question on both operating reports filed with the Court yet did not provide a written explanation as to which account and did not provide documentation thereto.  Id.

      The Debtor's repeated failure to disclose critical information on its monthly reports constitutes gross mismanagement.  In re Congaree Triton Acquisitions, LLC, 492 B.R. 843, 853 (Bankr. D.S.C. 2012) (debtor's failure to file accurate monthly operating reports constituted gross mismanagement of the estate); see also In re Whitten, 473 B.R. 380, 383 (Bankr. D. Colo. 2012) (monthly operating reports and the financial disclosures contained within them are the life-blood of the chapter 11 process and more than mere busy work).  In addition, the operating reports show that the Debtor withdrew over $19,600.00 in cash its account without explanation. ECF Doc. Nos. 25, 26. The Debtor's misconduct regarding the payment to credit cards, whether for prepetition debt, post-petition expenses absent approval under 11 U.S.C. § 364 or on behalf of non-debtors and large cash withdrawals calls into question the Debtor's credibility and an ability to act as a fiduciary on behalf of the estate and its creditors.  Cause, therefore, exists to dismiss this case under Section 1112(b)(4)(B).

      **2.      The Debtor Has Failed to File A Monthly Operating Report.**

Pursuant to E.D.N.Y. LBR 2015-1, the Debtor is required to file monthly operating reports for each and every month that the Debtor is in chapter 11.  See E.D.N.Y. LBR 2015-1. The reports must be filed no later than the twentieth day of the following month.  Id.  The Debtor's failure to timely file monthly operating reports demonstrates a disregard for its

responsibilities as a debtor-in-possession. See In re Marvel Entertainment, Inc., 140 F.3d 463, 474 (3d Cir. 1998) (debtors have a fiduciary duty of open, honest and straightforward disclosure to the Court and creditors). The Debtor's failure to fulfill its fiduciary obligations denies creditors access to important financial information regarding the Debtor's financial affairs. "Timely and accurate financial disclosure is the lifeblood of the Chapter 11 process." In re Berryhill, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (failure to file operating reports constitutes cause for dismissal or conversion of chapter 11 proceeding); see also In re Roma Group, Inc., 165 B.R. 779, 780 (S.D.N.Y. 1994) (citing In re Berryhill); In re Tornheim, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (debtors' failure to file reports for ten months warranted conversion or dismissal).

To date, the Debtor has failed to file monthly operating report for February 2023, which is currently past due. See Docket. The March 2023 monthly operating report is due prior to the return date of this Motion. Id. The Debtor's failure to timely file monthly operating reports has deprived the Court, the United States Trustee and creditors of the ability to adequately monitor this case. The Debtor's unexcused failure to timely file these operating reports constitutes cause for the dismissal or conversion of the Debtor's case. 11 U.S.C. § 1112(b)(4)(F).

### 3. The Debtor Has Failed to Pay Quarterly Fees to the United States Trustee.

By statute, the Debtor is required to pay a quarterly fee to the United States Trustee for each quarter until entry of a final decree, conversion or dismissal. 28 U.S.C. § 1930(a)(6). United States Trustee quarterly fees must be paid when due. Id. Section 1112(b)(4)(K) provides that nonpayment of any fees charged under chapter 123 of title 28 is cause to convert or dismiss a chapter 11 case. The fees assessed pursuant to 28 U.S.C. § 1930(a)(6) fall within the category of fees levied under chapter 123 of title 28. In re Tornheim, 181 B.R. 161 (Bankr. S.D.N.Y.

1995). The Debtor's failure to meet its financial obligations by the payment of quarterly fees is a basis for the dismissal of this case, pursuant to 11 U.S.C. § 1112(b). <u>Id.</u>, 181 B.R. at 161 (failure to pay quarterly fees, without more, provides cause to dismiss or convert case); <u>see also</u> <u>In re Hi-Toc Development Corp.</u>, 159 B.R. 691 (S.D.N.Y. 1993). The Debtor is currently delinquent on the payment of quarterly fees to the Office of the United States Trustee in the amount of $778.77. <u>See</u> 11 U.S.C. § 1930; Rettagliata Decl., ¶ 3. Cause, therefore, exists to convert or dismiss this case under Section 1112(b)(4)(K).

**B.     There are No Unusual Circumstances Establishing that Conversion or Dismissal is not in the Best Interests of Creditors and the Estate.**

Under section 1112(b)(2), after the movant shows cause, the burden shifts to the debtor and other parties in interest to show that there are "unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(2); <u>see</u> also <u>In re Gateway Access Solutions, Inc.</u>, 374 B.R. 556, 561 (Bankr. M.D. Pa. 2007) (after the movant shows cause, the burden shifts to the debtor to prove that there are unusual circumstances under section 1112(b)(2)).

Section 1112(b)(2) provides:

> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that --
>
> (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>
>> (i) for which there exists a reasonable justification for the act or omission; and

11

(ii) that will be cured within a reasonable period of time fixed by the court. 11 U.S.C. § 1112(b)(2).

Under 11 U.S.C. § 1112(b), the Court, in its discretion, must determine whether dismissal or conversion is in "the best interest of creditors or the estate." 11 U.S.C. § 1112(b); see also In re Gonic Realty Trust, 909 F.2d 624, 626-76 (1st Cir.1990) (the bankruptcy court has broad discretion to convert or dismiss a chapter 11 case). Under the facts, this case should be dismissed, rather than converted. Although the Debtor has potentially valuable assets, it operates a restaurant that does not have a significant liquidation value. See ECF Doc. No. 1, Petition. The Debtor's taxing authorities will be able to exercise their state law remedies against the Debtor outside of bankruptcy. There are no unusual circumstances in this case that would establish that dismissal is not in the best interests of creditors and the estate. The Court should, therefore, dismiss this case.

      **C.**     **Dismissal is in the Best Interests of Creditors and the Estate.**

Under 11 U.S.C. § 1112(b), the Court, in its discretion, must determine whether dismissal or conversion is in "the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1). See also In re Gonic Realty Trust, 909 F.2d 624, 626-27 (1st Cir. 1990) (court has broad discretion to convert or dismiss a chapter 11 case). The Debtor appears to have no unencumbered assets to be liquidated for the benefit of unsecured creditors. The Debtor's taxing authorities can exercise their rights outside of bankruptcy. Therefore, the Court should dismiss this case.

### D. Dismissal Should be With Prejudice to Refiling for One Year.

Pursuant to 11 U.S.C. § 349(a), the court has authority to dismiss a debtor's bankruptcy case with prejudice to refiling. In re Montalvo, 416 B.R. 381, 388 (Bankr. E.D.N.Y. 2009). Section 349(a) provides that

> [u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not . . . prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a).

The decision to dismiss a case with prejudice is within the court's discretion. Id. at 389 (citing In re Ventura, 375 BR. 103 (Bankr. E.D.N.Y. 2007)). The Second Circuit has long held that when dismissing a chapter 11 case under section 1112(b), the bankruptcy court may preclude the debtor from refiling for bankruptcy relief for a specified period. See, e.g., In re Casse, 198 F.3d 327, 339-41 (2d Cir. 1994) (it is within the sound discretion to dismiss a case with a bar to refiling for a particular period). The exercise of discretion to dismiss a bankruptcy case with prejudice should be based upon a review of a debtor's overall conduct throughout the entire bankruptcy process. In re Ladd, 82 B.R. 476, 477 (Bankr. N.D. Ind. 1988); In re McClure, 69 B.R. 282 (Bankr. N.D. Ind. 1987); see also In re Jones, 289 B.R. 436, 439 (Bankr. M.D. Ala. 2003) (finding that the Debtor's history in her bankruptcy case demonstrated an "abuse of the protection[s] of the Bankruptcy Code" sufficient to support dismissal with prejudice to refiling for one year); In re Phoenix Land Corp., 164 B.R. 174, 176 (Bankr. S.D. Fla. 1993) (filing a chapter 11 case to delay and thwart the efforts of secured creditors to enforce their rights was sufficient to dismiss with prejudice for a period of one year). If the moving party can prove the debtor's egregious conduct a court may dismiss a bankruptcy case with prejudice. In re Ventura, 375 B.R. at 109; see also In re Hall, 258 B.R. 908 (N.D. Ind. 2001) ("Dismissal with prejudice is

viewed as an appropriate response to a debtor's egregious misconduct, contumacious actions, or abuse of the bankruptcy process.").

Further, dismissal with prejudice is warranted where the debtor has acted in bad faith, caused delay that harms the estate, creditors and other parties in interest, or fails to fulfill its duties as a debtor-in-possession. See In re Phoenix Land Corp., 164 B.R. at 176 (in determining whether to dismiss a case with prejudice, courts have considered any factor which evidences a debtor's intent to abuse the judicial process.)

A review of this "[D]ebtor's overall conduct throughout the entire bankruptcy process" can only lead to a determination that the Debtor's case should be dismissed with prejudice for one year. See In re Ladd, 82 B.R. at 477. This is the Debtor's second bankruptcy case in recent months. See Case No. 20-42494 (NHL). The Debtor's continued misconduct of grossly mismanaging the estate by paying credit card bills of insiders, making regular large cash withdrawals and paying unretained professionals as it had done in the previous case, reveal that the proper remedy here is dismissal with prejudice to refiling for one year. If this case is not dismissed with prejudice, the Debtor could commence a third bankruptcy case, again with no intention of taking the steps necessary to act as a fiduciary of the estate.

### E. There is Cause to Appoint a Chapter 11 Trustee under 11 U.S.C. § 1104(a).

As an alternative to the relief sought under 11 U.S.C. § 1112(b), the Court could also appoint a chapter 11 trustee pursuant to 11 U.S.C. § 1104(a). Under Section 1104(a)(1), the Court shall direct the appointment of a trustee 'for cause,' "including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause. See 11 U.S.C. § 1104(a)(1). The enumerated examples of cause are non-exclusive; and thus [f]actors relevant to

the appointment of a trustee under § 1104(a)(1) include fraud, dishonesty, incompetence, or gross mismanagement, such as misuse of assets and funds; inadequate record keeping and reporting; various instances of conduct found to establish fraud or dishonesty; and lack of credibility and creditor confidence. In re Altman, 230 B.R. 6, 16 (Bankr. D. Conn. 1999), *aff'd in part, vacated in part*, 254 B.R. 509 (D. Conn. 2009).

Here, the Debtor has grossly mismanaged the estate in several ways, including bouncing a check, incurring overdraft fees in the amount of $34.00, paid a consulting fee of $140.00 in December 2022 to an unidentified individual, made payments on credit card companies on behalf of non-debtors absent Court authorization, and made $19,600 in cash withdrawals in December 2022 and January 2023. ECF Doc. Nos. 25, 26. In addition, the Debtor indicated that in the it still has non-debtor-in-possession bank accounts absent any explanation. Id., Question 10 of the Debtor Questionnaire. As an alternative to relief under § 1112(b), the Court may appoint a chapter 11 trustee who can take the steps required to bring funds into the estate to pay creditors, which is also warranted under section 1104(a)(1).

## IV. **NOTICE**

The United States Trustee will serve the Notice of Motion and this Memorandum of Law upon the Debtor, Debtor's counsel and all creditors. The United States Trustee respectfully requests that this be deemed good and sufficient notice of the motion and the hearing scheduled herein, and that no other further notice is necessary or required.

## V. **CONCLUSION**

Based on the foregoing, the United States Trustee respectfully requests that the Court enter an order granting this motion and dismissing this case with prejudice with a one-year bar to refiling, or converting this chapter 11 case or, in the alternative, entering an order directing the appointment of a chapter 11 trustee, and granting such other and further relief as is just and proper.

Dated: New York, New York
       April 14, 2023

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ Rachel B. Wolf*
Rachel B. Wolf (RW-5767)
Trial Attorney
Office of the U.S. Trustee, Region 2
Alexander Hamilton Customs House
One Bowling Green, Suite 510
New York, New York 10004
Tel. (212) 206-2580
Rachel.Wolf@usdoj.gov

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                                      Chapter 11

ISTANBUL REGO PARK INC.
dba Black Sea Fish and Grill,                                             Case No. 22-43000 (NHL)

                                          Debtor.
---------------------------------------------------------x

## DECLARATION OF LYNDA RETTAGLIATA

Pursuant to 28 U.S.C. § 1746, Lynda Rettagliata declares as follows:

1.      I am an analyst in the Office of the United States Trustee for Region 2. I have knowledge and information about the Chapter 11 bankruptcy case of Istanbul Rego Park Inc., dba Black Sea Fish and Grill (the "Debtor"). I submit this Declaration in support of the Motion of the United States Trustee to Dismiss This Case or Convert This Case to One Chapter 7 pursuant to 11 U.S.C. § 1112 or, in the alternative, appoint a chapter 11 trustee pursuant to 11 U.S.C. § 1104(a) (the "Motion").

**Procedural History**

2.      Upon information and belief, the Debtor is operating its business and managing its affairs as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      To date, the Debtor owes $778.77 in United States Trustee Quarterly Fees for the 1st Quarter of 2023.

I declare under penalty of perjury that the information contained in this Declaration is true and correct to the best of my knowledge.

New York, New York
April 14, 2023

                                                                  */s/ Lynda Rettagliata*
                                                                  Lynda Rettagliata

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re

                                                           Chapter 11

ISTANBUL REGO PARK, INC.,
dba Black Sea Fish and Grill,                          Case No. 22-43000 (NHL)

                                   Debtor.
---------------------------------------------------------x

## ORDER DISMISSING CASE

Upon the motion of William K. Harrington, United States Trustee for Region 2, filed on April 14, 2023 to dismiss this case, pursuant to 11 U.S.C. § 1112(b), and upon the hearing held before this Court on May 16, 2023, and it appearing that appropriate notice has been given, and cause existing for the relief requested, it is

ORDERED that the case of Istanbul Rego Park Inc. dba Black Sea Fish and Grill, commenced under chapter 11 of the Bankruptcy Code, be and hereby is dismissed pursuant to 11 U.S.C. § 1112(b) with prejudice and one-year bar to refiling and without obtaining a prior leave of Court; and it is further

ORDERED, that the Debtor pay to the United States Trustee the appropriate sum required, if any, pursuant to 28 U.S.C. § 1930, within ten (10) days of the entry of this order and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements, if any, for the relevant period.