Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

Istanbul Rego Park, Inc.
*d/b/a Black Sea Fish and Grill,*

          Debtor.
-----------------------------------------------------------X

Case No.: 1-22-43000-nhl

Chapter 11

## DEBTOR'S OBJECTION TO THE MOTION OF THE UNITED STATES TRUSTEE TO DISMISS WITH PREJUDICE OR COVERT THIS CHAPTER 11 CASE OR, IN THE ALTERNATIVE, APPOINT A CHAPTER 11 TRUSTEE

### TO THE HONORABLE NANCY HERSHEY LORD
### UNITED STATES BANKRUPTCY JUDGE:

Istanbul Rego Park, Inc *d/b/a Black Sea Fish and Grill*, the Debtor and Debtor in Possession, by and through their counsel Alla Kachan, Esq. of Law Offices of Alla Kachan, P.C., respectfully submits this objection to the Motion of the United States Trustee to dismiss with prejudice or convert this Chapter 11 case, or in alternative, appoint a Chapter 11 Trustee (the "Motion"). In further opposition thereof, the Debtor respectfully represents as follows:

### BACKGROUND AND PROCEDURES

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157(a)-(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On December 2, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, with the United States Bankruptcy Court for the Eastern District of New York. *See ECF Doc. No. 1.*

3. Under Bankruptcy Code §§ 1107 and 1108, the Debtor retained possession of its assets and was authorized, as Debtor in possession, to continue to operate and manage its business. No official committee of unsecured Creditors has been appointed in this case.

4. On April 14, 2023, the motion to dismiss with prejudice or convert this Chapter 11 case, or in alternative, appoint Chapter 11 Trustee was filed by the United States Trustee. In the referenced motions, the US Trustee alleges that the Debtor (a) has paid credit card bills of insiders and fees of non-retained professionals (b) made regular large cash withdrawals; (c) purportedly has non-debtor-in-possession bank accounts open without Court approval (d) has also failed to pay quarterly fees and has not filed the past due February 2023 operating report. The US Trustee further asserted that pursuant to 11 U.S.C. § 1112(b)(4)(B), (H) and (K), cause exists to dismiss this case with a one-year bar to the refiling of another bankruptcy case without leave of Court or, an alternative, the Court may consider the appointment of a chapter 11 trustee as the Debtor's mismanagement constitutes "cause" under 11 U.S.C. § 1104(a)(1). *See ECF Doc. No. 34.*

5. The Debtor disagrees with the position of the US Trustee and asserts that the Motion for an Order dismissing / converting the instant bankruptcy case or appointing Chapter 11 Trustee, should be denied, and the case should continue as a Chapter 11 for the forgoing reasons.

**ARGUMENTS**

6. Under Section 1112(b) of the Bankruptcy Code provides that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under [chapter 11] to a

case under chapter 7 or dismiss [it], whichever is in the best interests of creditors and the estate," if the movant establishes cause. A very detailed analysis of the burden of establishing cause for this purpose can be seen in *In re Consolidated Distributors, Inc.*, No. 13-40350-NHL, 2013 (Bankr, E.D.N.Y., July 23, 2013). In rendering its decision to deny the creditor's motion to dismiss, the Court in said case engaged in an in-depth analysis of a number of the cause factors as follows below. In evaluating a motion made under section 1112(b), the movant has the burden of demonstrating cause by a preponderance of the evidence. *See In re Consolidated Distributors, Inc.*, No. 13-40350-NHL, 2013 (Bankr, E.D.N.Y., July 23, 2013); *see also GEL, LLC*, No. 12-41911-CEC, 2012 WL 3073069 (Bankr. E.D.N.Y. July 30, 2012) (citing *Taub v. Taub (In re Taub)*, 427 B.R. 208, 231 (Bankr. E.D.N.Y. 2010)). In analyzing a motion to dismiss, "a bankruptcy court has wide discretion to determine whether cause exists and, if cause is present, to decide whether to convert the case to one under Chapter 7 or to dismiss." *See Id.* (citing *In re BH S & B Holdings, LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010)).

7. Further, a motion filed under section 1112(b) of Title 11 U.S.C., uses a two-step analysis, first to determine the existence of "cause" either to dismiss or to convert the Chapter 11 proceeding to a Chapter 7 proceeding and only once cause is established, a court is required to consider the question of which option is in "the best interest of creditors and the estate". *See In re Superior Siding & Window, Inc.; see also In re Mechanical Maintenance.*

8. Moreover, the Bankruptcy Code also establishes "the best interest of creditors and the estate test," which means a court must examine whether dismissal of a case is in the best interests of the creditors and the estate. Courts have looked to multiple factors to determine which action is in the best interest of the creditors and the estate. *See 7 COLLIER ON BANKRUPTCY ¶ 1112.04 (16th ed. 2009).* Collier identifies such factors as: (1) in assessing the interest of the estate, whether

dismissal of the estate would maximize the estate's value as an economic enterprise; (2) whether any remaining issues would be better resolved outside the bankruptcy forum; (3) whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests.

9. Section 1112(b)(4) of the Bankruptcy Code contains a non-exhaustive list of examples of what constitutes cause for dismissal or conversion." *11 U.S.C. § 1112(b)(4).*

10. In their motion, the US Trustee asserted that the instant case may be dismissed pursuant to Section 1112(b)(4)(B), due to "gross mismanagement of the estate" *11 U.S.C. § 1112(b)(4)(B).*

11. In the instant case, the circumstances leading to Debtor's filing under Chapter 11 were as follows: the Debtor had been adversely affected by the Covid-19 pandemic, wherein the restaurant was shut down entirely, except for deliveries, for the duration of over seven months. Obligations accumulated for taxes, business loans, and other debts, forcing the Debtor to seek bankruptcy protection in order to reorganize its debt and continue business operations.

12. Throughout the pending of this bankruptcy, the Debtor is working diligently to meet its post-petition obligation and to reach agreeable terms with taxing authorities and other creditors of the estate. To date, the Debtor has reached a tentative agreement of terms with the New York State Department of Taxation & Finance, with respect to the treatment of its claim in the amount of $326,105.88 filed in in this case, and with the Internal Revenue Service with respect to the treatment of its claim in the amount of $152,027.73 filed in in this case. The mutually agreeable terms will be incorporated into a soon to be filed Plan of Reorganization and Disclosure Statement, which will be filed shortly. A claim objection will also be filed imminently, addressing the claims of the FLSA creditors in the case. The Debtor acknowledges and deeply regrets certain transactions

made from the non-debtor in possession account, and has diligently addressed all said transactions and inquiries by providing invoices, bank statements, and affidavits explaining same. It must also be noted that while the transactions in question were certainly problematic under the applicable Bankruptcy rules, and have been documented and explained accordingly, they were entirely undertaken for purposes of business improvement and expansion and ordinary course of business operations, such as reimbursements for the purchase of produce.

13. On May 5, 2023, the Debtor provided the US Trustee with an explanation regarding cash withdrawals with respect to a non-debtor in possession pre-petition bank account and provided copies of checks from the Chase bank account ending 7610 for the month of December 2022 and January 2023 and a proof of payment of the US Trustee fees. The Copy of these emails are attached herein as Exhibit A.

14. With respect to the cash withdrawals, the Debtor respectfully asserts that these funds were used for the renovation, improvement and expanding usable restaurant space, with respect to the Debtor restaurant's backyard, for the use of restaurant patrons. The invoice, evidencing the total amount spent and completion of work was provided to the US Trustee and attached herein as Exhibit B.

15. Further, on May 8, 2023, the Debtor provided the US Trustee with the Bank statements of Ali Gulu from American Express, Credit One and Discovery Credit card and bank statement of Fatma Gulu from the FBT Credit Card. These payments were made to reimburse expenses covered by Ali Gulu and Fatma Gulu on behalf of the Debtor. Affidavits of Ali Gulu and Fatma Gulu will be provided to the US Trustee and to the Court, explaining the payments made by them to the Debtor's suppliers and vendors.

16. With respect to the monthly operating reports, the Debtor respectfully asserted, that the Monthly operating report for February 2023 was filed by the Debtor on May 8, 2023 (Docker # 40), and Monthly operating report for March 2023 was filed by the Debtor on May 9, 2023 (Docket # 41).

17. With respect to the non-debtor in possession account, the Debtor respectfully informed that the Chase account ending 7610 was closed on January 24, 2023. The proof of closing of the pre-petition account was provided to the US Trustee on May 5, 2023 and is attached herein as Exhibit C.

18. Pursuant to Section 1112(b)(4)(K), cause includes "failure to pay any fees or charges required under chapter 123 of title 28" *11 U.S.C. § 1112(b)(4)(K)*.

19. Pursuant to 28 U.S.C. § 1930(a)(6) the payment of quarterly fees is a required obligation of a chapter 11 Debtor.

20. On April 17, 2023, the Debtor sent a check to the United States Trustee, for quarterly fees, in the amount of $778.77 by USPS. The Copy of the check is Attached herein as Exhibit D.

21. In this case, dismissal or conversion will not maximize the estate's value, and is by no means in the best interest of the bankruptcy estate, as the Debtor will by no means be able to resolve the above described claims, outside of a Chapter 11 plan, and absent the treatment already agreed upon with the taxing authorities, which incidentally constitute two of the largest claims in the Debtor's bankruptcy estate. On the contrary, the dismissal will lead to protracted litigation proceedings both with FLSA creditors, which will inevitably result in further accumulating costs to the Debtor, and will require further expenditures of judicial and monetary resources by both the Debtors and Creditors of this case, which by itself will result in substantial losses to the estate.

22. Further, the US Trustee asserted that as an alternative, the Court may appoint a chapter 11 trustee who can take the steps required to bring funds into the estate to pay creditors, which is also warranted under section 1104(a)(1).

23. The Bankruptcy Code section 1104(a) provides for the appointment of a chapter 11 trustee in two limited circumstances: (1) for cause; and (2) if such appointment is in the interests of the estate, its creditors and other parties in interest. *11 U.S.C. § 1104(a).*

24. The "standard for § 1104 appointment is very high." *Smart World Techs., LLC. v. Juno Online Servs., Inc. (In re Smart World Techs., LLC), 423 F.3d 166, 176 (2d cir. 2005).* Moreover, the appointment of a chapter 11 trustee represents an "extraordinary remedy, rather than the rule." *In re Ionosphere Clubs, Inc., 113 B.R. 164, 167 (Bankr. S.D.N.Y. 1990); In re Adelphia Communications Corp., 336 B.R. 610, 658 (Bankr. S.D.N.Y. 2006), aff'd, 342 B.R. 122 (S.D.N.Y. 2006).* Accordingly, the movant "must prove the need for a trustee by clear and convincing evidence." *Adelphia, 336 B.R. at 656.*

25. The Bankruptcy Code provides for the appointment of a trustee "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause . . . ." *11 U.S.C. § 1104(a)(1).* While the grounds set forth in section 1104(a)(1) are not exhaustive, courts have required "serious misconduct" of the kind set forth in the statute before taking the extraordinary step of appointing a trustee. *See Schuster v. Dragone, 266 B.R. 268, 272 (Bankr. D. Conn. 2001)* (holding that "under subsection (1), the Bankruptcy Court's discretion is limited to a determination of whether 'cause' exists for such appointment, and such 'cause' must be in the nature of 'fraud, dishonesty, incompetence, or gross mismanagement' of the debtor by current management, either before or after the commencement of the case"); *In re WorldCom, Inc., No.*

*02-13533, 2003 Bankr. LEXIS 2192, at \*17 (Bankr. S.D.N.Y. May 16, 2003)* ("A showing of more than simple mismanagement or incompetence is required to appoint a trustee.").

26. A thorough review of the aforementioned documentation and explanations of the foregoing transactions, amply set forth that the Debtor did not engage in any of the misconduct to which the Debtor's actions must rise as per the statute, in order for the appointment of a Chapter 11 Trustee to be warranted. In the instant case the Debtor has paid Trustee quarterly fees, has provided explanations and supporting documentation with respect to the reimbursement of credit card transactions, invoices with respect to cash withdrawals, the proof of closing of the pre-petition bank account and similarly addressed other concerns of the Office of the US Trustee. The Debtor herein, thus believes that no fraud, dishonesty, incompetence, or gross mismanagement, either before or after the commencement of the case, can be found under the facts of the case, thus no cause exists to appoint a Chapter 11 Trustee. Further still, the appointment of a Chapter 11 Trustee would result in further costs to the estate which in all likelihood would result in the ultimate insolvency and demise of the Debtor.

27. Furthermore, the Debtor recognizes and deeply regrets the issues raised in the case and has worked diligently to provide satisfactory explanations to the US Trustee. None of the above-described issues were a result of any fraudulent, intentional or grossly negligent acts, but rather consequences of attempts to remedy and stabilize the adverse effects of unstable turbulent times for the Debtor's business. Further still, the Debtor respectfully asks that the court consider that the agreements with both the New York State Department of Taxation & Finance and IRS, are in place, and the aforementioned creditors are one of the largest creditors in the case. The Debtor has worked very hard, and to date, has upon information and belief, cured all outstanding administrative deficiencies, provided all required documentation and explanations and intends to file the Plan and

Disclosure Statement shortly. As stated above, confirmation of the plan will allow the Debtor to effectively address the tax claims as well as other claims of the estate, incorporating the terms of payment agreements reached by the parties, to commence on the effective date and for payments to commence promptly. A dismissal or appointment of a Chapter 11 trustee will result in delays, additional expenses, and a significantly reduced and delayed recovery for the creditors of the estate, if any would be possible at all.

**WHEREFORE**, for all of the foregoing reasons, the motion of the US Trustee seeking dismissal or conversion, should be denied in its' entirety and the instant chapter 11 case should be continued, allowing the Debtor the opportunity to propose and further to confirm a feasible plan of reorganization that will be in the best interest of the Creditors as well as the Debtor; and for any such further relief this Court deem just.

Dated: Brooklyn, New York
May 9, 2023

LAW OFFICES OF ALLA KACHAN, P.C.
By: /s/ Alla Kachan
Alla Kachan, Esq.
2799 Coney Island Avenue, Ste 202
Brooklyn, NY 11235
Tel.: (718) 513-3145
Fax: (347) 342-3156
alla@kachanlaw.com

# EXHIBIT A

 **Gmail**

Alla Kachan <alla@kachanlaw.com>

## Istanbul Rego Park, Inc. 1-22-43000-nhl

Alla Kachan <alla@kachanlaw.com>
To: "Wolf, Rachel (USTP)" <Rachel.Wolf@usdoj.gov>

Fri, May 5, 2023 at 5:35 PM

Dear Ms. Wolf,

We are respectfully reaching out to address the questions raised in your motion to convert the case of the Debtor (ECF #34). We would like to inform you that the funds withdrawn from the Debtor's account during December and January were used for the renovation and decoration of the Debtor's backyard. Attached please find an invoice that outlines the completed work and the total amount spent.

In regards to the non-debtor in possession account, we have attached proof that the prepetition Chase account ending at 7610 was closed on January 24, 2023.

Additionally, we have included copies of the checks from the Chase bank account ending at 7610 for the months of December and January.

Further, attached please find proof of payment of the U.S. Trustee fee.

Please be advised that information regarding Zelle payments and payments in credit card bills of non-debtors will be provided at the beginning of the next week.

Thank you for your attention to this matter.


Thank you
Valery
Law Offices Of Alla Kachan. P.C.
2799 Coney Island Avenue #202
Brooklyn, NY 11235
phone : (718)-513-31-45
fax: (347)-342-31-56

---

5 attachments

- 20230505_164711.pdf
  357K

- jpg2pdf.pdf
  1989K

- January Checks.pdf
  742K

- December Checks.pdf
  1154K

- 20230505_171242.pdf
  16K

 Gmail                                                            Alla Kachan <alla@kachanlaw.com>

# Istanbul Rego Park, Inc. 1-22-43000-nhl

**Alla Kachan** <alla@kachanlaw.com>                                         Mon, May 8, 2023 at 7:51 PM
To: "Wolf, Rachel (USTP)" <Rachel.Wolf@usdoj.gov>

Good evening Ms. Wolf,

Attached please find bank statements from Discover Bank, American Express, Credit One Bank and TD Bank indicating the payments (circled) to the Debtor's suppliers and providers.
Please be advised that affidavits from Ali Gulu and Fatma Gulu with respect to these payments will be provided promptly.

Thank you
Valery
[Quoted text hidden]
--
[Quoted text hidden]

**8 attachments**

- 📄 **20230508_194714.pdf**
  100K

- 📄 **20230508_194910.pdf**
  618K

- 📄 **20230508_194809.pdf**
  622K

- 📄 **20230508_194737.pdf**
  568K

- 📄 **20230508_194850.pdf**
  2068K

- 📄 **20230508_194614.pdf**
  613K

- 📄 **20230508_194646.pdf**
  1745K

- 📄 **20230508_194546.pdf**
  2036K

# EXHIBIT B



**MAYS LEGACY GROUP**
11 GREENTREE AVE
FARMINGVILLE NY,

# SALES QUOTE

**PREPARED FOR**

**BLACK SEA**
95-36 Queens Blvd
Rego Park, NY 11374

**PREPARED DATE**
DEC 1, 2022

| ITEM | QTY | PRICE | TOTAL |
|---|---|---|---|
| New Roof Installation | 1 | $4,200 | $4,200 |
| Repairing Existing Leaks on Roof | 1 | $1,800 | $1,800 |
| Installation of 2 Skylights | 2 | $3,200 | $6,400 |
| Installation of 2 Windows | 2 | $2,400 | $4,800 |
| Repairing the Beams in the Floor | 1 | $1,100 | $1,100 |
| Rip Out Old Floor and Install Vinyl | 1 | $5,600 | $5,600 |
| Putting up New Walls Damaged by Water | 1 | $1,300 | $1,300 |

$25,200

# EXHIBIT C

# CHASE 🟦

JP Morgan Chase Bank, N.A.
PO Box 659754
San Antonio, TX 78265-9754

Questions?
chase.com
1-800-935-9935
We accept operator relay calls

04/26/2023

ISTANBUL REGO PARK INC
DBA BLACK SEA FISH AND GRILL
9536 QUEENS BLVD
REGO PARK, NY 11374-1136

## Update:   We closed your account

Your account ending in 7610

Dear ISTANBUL REGO PARK INC DBA BLACK SEA FISH AND GRILL

Thank you for your recent inquiry about your account. We closed your account above on 01/24/2023. If you have questions, please call us at 1-800-935-9935 or visit any of our branches.

Sincerely,

Customer Service

JPMorgan Chase Bank, N.A.
Queens Blvd. and 64th Ave
97411 Queens Boulevard
NY1 0109

©2019 JPMorgan Chase Bank, N.A. Member FDIC
M1006-01 (09/19)

# EXHIBIT D

